UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUANG CHEN,

     Plaintiff,

-vs-                    Case No. 2:09-cv-752-FtM-99SPC

DESOTO COUNTY, FLORIDA, a political
subdivision of the State of Florida,

     Defendant.
_____

**ORDER**

  This matter comes before the Court on the Pliantiff Guang Chen's Motion to Dismiss the Defendant's Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint Motion to Have a Default Judgment to Defendant Desoto (Doc. #55) filed on October 1, 2010.

  A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., WL 5191701 *1-2 (M.D. December 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla.2003). A district court may also strike pleadings and direct a clerk to enter default against defendants who have made an appearance as a sanction for discovery abuses or the abandonment of defenses. Pickett v. Executive Preference Corporation, 2006 WL 2947844 (M.D. Fla. Oct.16, 2006) (striking defendant's pleadings for abandoning its defense, and directing Clerk to enter default against defendant).

  The Federal Rules of Civil Procedure also gives a district court the power to enter a default, strike pleadings, or render judgment against a party that disobeys the court's discovery or pretrial scheduling orders. ABS-SOS Plus Partners Ltd., WL 5191701 *1-2 (citing Fed. R. Civ. P.

37(b)(2)(C) (The court may enter "an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."); *see also* Fed.R.Civ.P. 16(f) (incorporating the sanction powers articulated in Rule 37(b)(2)(C) as applied to scheduling or pretrial orders).

On September 1, 2010, the Plaintiff filed his Motion for leave to file an Amended Compliant. The Plaintiff subsequently served the Defendant with the Amended Complaint on September 2, 2010. However, the Court did not grant leave to file the Amended Complaint until September 9, 2010. The Defendant filed its Answer and Affirmative Defenses (Doc. # 51) on September 20, 2010. The Plaintiff's Amended Complaint was not recognized by the Court until leave was granted to file the Amended Complaint. Therefore, the Amended Complaint was not the operative document in this action until September 9, 2010. The Defendant filed its Answer and Affirmative Defenses on September 20, 2010. The Defendant filed a timely response to the Plaintiff's Amended Compliant and as such, the Motion to Strike the Answer and Affirmative Defense and Enter a Default Judgment is due to be denied. Accordingly, it is now

**ORDERED:**

The Plaintiff Guang Chen's Motion to Dismiss the Defendant's Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint Motion to Have a Default Judgment to Defendant Desoto (Doc. #55) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record